E-FILED
Thursday, 25 March, 2010  01:35:51 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ESCP Corp., | ) | |
|                      Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 09-MC-4025 |
| | ) | |
| Robert A. Allbaugh and B.&C Sales Inc., | ) | |
|                      Defendant | ) | |

**ORDER**

Now before the Court is the motion to reconsider (#13) an earlier order. This motion was filed by Defendants Robert Allbaugh and B&c Sales Inc.; it was joined by non-parties Catherine Allbaugh and Zorra Sales Corporation. Plaintiff has responded. I have carefully considered the arguments of the parties. As explained herein, the motion to reconsider is **DENIED**.

Plaintiff obtained a judgment against the two March 25, 2010 March 25, 201 Defendants in the Southern District of Iowa. In that District, Plaintiff subsequently conducted debtor examinations of Robert Allbaugh, individually and as President of B&C Sales Inc., and of Allbaugh's wife Catherine Allbaugh in her capacity as Secretary of B&C. Those examinations were conducted on January 20, 2010. They revealed the following:

    1. Robert Allbaugh was employed by Zorra Sales, Inc., an Iowa corporation that was formed by his wife in June of 2009. Zorra performs the same type of business as B&C (namely consulting and material handling).
    2. Robert, Catherine, B&C, and Zorra had transferred assets before, during and after the June 2009 trial, moving all B&C funds out of American Bank and transferring them to Catherine. Part of those funds were used to form Zorra. Robert Allbaugh testified in his debtor's examination that he did this because he was afraid he would lose money as a result of the underlying lawsuit.
    3. Robert Allbaugh also testified that B&C was owed money (over $100,000) by Premier Source USA Inc., but that the money owed was paid to Zorra instead, in July and September of 2009, after the judgment was entered in Iowa.

Plaintiff registered the Southern District of Iowa Judgment in this District on October 30, 2009. A citation to discover assets was issued to Jeffrey Marlier, who is president of Premier Source USA, a company located in Rock Island, Illinois. The Citation hearing was set for 1/20/10, at which time, Marlier did not appear. Marlier later responded to an Order to Show Cause, and the citation hearing was rescheduled to 2/17/10. He appeared at that hearing. He testified that Premier Source USA previously had done business with B&C, consulting with Robert Allbaugh. Now Premier Source USA consults with Robert Allbaugh through Zorra. In addition, Robert Allbaugh acts as an independent sales representative for Premier Source USA , and Premier Source USA owes $13,000 in commission payments for work performed by Robert Allbaugh.

Following Marlier's testimony in this District and the Allbaugh's testimony in Iowa, Plaintiff moved this Court for a turnover order. Specifically, Plaintiff filed a motion seeking an order directing Premier Source USA to pay to it the $13,000 commission, and further to turn over any money that Premier Source USA owed to Robert Allbaugh, B&C Sales Inc., Catherine Allbaugh, or Zorra Sales Corporation. The Court granted the motion and directed Plaintiff to submit a proposed Order.

The proposed order has been submitted, but before it was submitted, Robert Allbaugh, B&C Sales Inc., Catherine Allbaugh, and Zorra Sales Corporation asked this Court to reconsider the Order granting the motion for the turnover Order. They argue that the Order would direct payment to plaintiff of money owed by a non-party to a non-party. They assert that a hearing on this Court's personal jurisdiction over the non-parties is required and that the "allegations that certain funds were improperly paid to Zorra are just that, allegations." Finally, they assert that the issue of jurisdiction over the non-parties is a question presently before the Court in the Southern District of Iowa, so this Court should not make any ruling on that question.

Once a judgment creditor discovers assets of a judgment debtor in the hands of a non-party, a court with jurisdiction over the non-party (here, Marlier and Premier Source USA) may order the non-party to turn those assets over in satisfaction of the judgment. See, Star Ins. Co. v. Risk Mktg. Group Inc., 561 F.3d 656, 660-61 (7th Cir. 2009); Kennedy v. Four Boys Labor Servs., 664 N.E.2d 1088, 1091 (Ill.App.1996). When a citation is directed to a party holding assets of a judgment debtor, the judgment becomes a lien upon all personal property belonging to the judgment debtor in the possession or control of the third party, or which thereafter may come due to the judgment debtor. 735 ilcs 5/2-1402(m)(2). See, Kennedy, 664 N.E.2d at 1091.

The issue raised by the motion to consider regarding personal jurisdiction is a red herring. This Court has personal jurisdiction over an entity that is holding funds that are due and owing to the judgment debtor; Marlier so testified. It need not have personal jurisdiction over either Zorra or Catherine in order to direct this payment.

The movants also argue that they also have claims to those funds and therefore have a due process right to be heard. This argument is, under the limited facts before this court, specious. Marlier's dealings have been with Robert Allbaugh only. Marlier testified that Robert Allbaugh acts as an independent sales representative for Premier Source USA and it was in that capacity that the $13,000 commission resulted. Nothing in Marlier's testimony provides any reason for this Court to have to decide whether the transfer of funds to the two non-parties was wrongful. The $13,000 commission was earned by and is payable to Robert Allbaugh, a defendant against whom the judgment can clearly be executed. Neither Catherine Allbaugh or Zorra have any rights in that commission. Without any rights in the property, there is no due process right to be asserted by them.

That being said, however, the proposed Turnover Order is too broad, In particular, paragraph (2) requires Premier Source USA to turn over to ESCP any money that Premier Source USA owes

to Catherine Allbaugh or Zorra Sales Corporation. The question whether all of Premier Source USA's business with Catherine and/or Zorra is legitimate is one that need not be decided at this point in time. Should there be additional, specific amounts that are due and owing by Premier Source to any of the movants, Marlier is to notify counsel for ESCP before any money is paid to either defendant or Catherine Allbaugh or Zorra Sales Corporation. Paragraph (2) is deleted from the Turnover Order and replaced with the Court's own language.

ESCP has followed the proper procedure for executing on a foreign judgment in Illinois. The motion to reconsider is denied, and the turnover order as amended by the Court will be entered on this date.

ENTERED ON March 25, 2010

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE
